# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN COFIELD, et al.,<br>individually and on behalf<br>of all others similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) | Case No. 1:22-cv-00727-SAG |
| | ) | |
| v. | ) | |
| | ) | Judge Stephanie A. Gallagher |
| WORKTIME, INC., et al., | ) | |
| | ) | |
| Defendants. | ) <br> ) | |

## THE PROGRESSIVE DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Mark I. Bailen (Bar No. 13805)
**Law Offices of Mark I. Bailen PC**
1250 Connecticut Avenue NW
Suite 700
Washington, DC 20036
Email: mb@bailenlaw.com
Telephone: 202-656-0422

**BAKER & HOSTETLER LLP**
Michael K. Farrell (*pro hac vice*)
Kendall C. Kash (*pro hac vice*)
Emily S. P. Baxter (*pro hac vice*)
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Email: mfarrell@bakerlaw.com
Telephone: 216-621-0200

*Counsel for Progressive Defendants*

# TABLE OF CONTENTS

Introduction...........................................................................................................................1

I.      Background ..................................................................................................................2

II.     Standard of Review......................................................................................................5

III.    Argument .....................................................................................................................7

        A.      Plaintiff Cofield's Failure to Follow a Prior Court Order Mandates Dismissal. .....7

        B.      Plaintiffs Do Not Allege Any Facts to Support Their Federal Discrimination
                Claims. ...........................................................................................................8

                1.      Plaintiffs' 42 U.S.C. § 1981 Claim Fails Because Plaintiffs Cannot
                        Plead Intentional Discrimination. .................................................................8

                2.      Plaintiffs' 42 U.S.C. § 1983 Claim Fails Because the Progressive
                        Defendants Are Not Acting Under the Color of Law. ..............................11

                3.      Plaintiffs Cannot Plead Conspiracy. Plaintiffs' 42 U.S.C. § 1985
                        Claim Fails. ................................................................................................12

                4.      There Is No Right of Action Under 42 U.S.C. § 1988............................13

        C.      Plaintiffs' State Law Claims Fail to Allege a Plausible Claim Against the
                Progressive Defendants.........................................................................................13

                1.      Plaintiffs Fail to Plausibly Allege a Viable Fraud Claim. ........................14

                2.      Plaintiffs' Remaining State Law Claims Do Not Allege Any Facts as
                        to the Progressive Defendants....................................................................16

Conclusion ..........................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*A Soc'y Without a Name v. Virginia*, 655 F.3d 342 (4th Cir. 2011). ............................................ 12

*Allen v. Columbia Mall Inc.*, 47 F. Supp. 2d 605 (D. Md. 1999). ................................................. 11

*Allen v. Montgomery Ward & Co.*, No. Civ. 1:98CV7, 1999 WL 33117435, at *1 (W.D.N.C. Mar. 3, 1999)........................................................................................................................ 9

*Antonio v. Security Services of America, LLC*, 701 F. Supp. 2d 749 (D. Md. 2010). ................. 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ........................................................................... 5

*Biggus v. Double T* Diner, No. J-81-1871, 1982 WL 31060, at *1 (D. Md. Nov. 12, 1981). ...... 12

*Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263 (1993)............................................... 13

*Buchanan v. Consol. Stores Corp.,* 217 F.R.D. 178 (D. Md.2003). .............................................. 9

*Cofield v. Mc N Mc Recovery, L.L.C.*, No. CAL19-32814 (Md. Cir. Ct. Mar. 18, 2020). ............. 7

*Cofield v. Tonella*, Case No. 20-16090, Adv. No. 20-00200 (Bankr. D. Md. motion filed Aug. 6 2020). .......................................................................................................................................... 7

*Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10–3517, 2011 WL 3476994, at *1 (D. Md. Aug. 8, 2011)..................................................................................................................... 6, 9

*DAG Petroleum Suppliers, L.L.C. v. BP P.L.C.*, 268 F. Appx. 236 (4th Cir. 2008). .................... 9

*Dickerson v. Longoria*, 995 A.2d 721 (Md. Ct. App. 2010)........................................................ 11

*Doe v. PG Cnty. Dept. of Permitting, Inspections, and Enf't and Dir.*, No. CAL20-07794 (Md. Cir. Ct. Mar. 18, 2020)................................................................................................................. 7

*Doe v. Williams*, No. CAL19-37923 (Md. Cir. Ct. Mar 18, 2020)............................................... 7

*Felder v. McDonald's Corp.*, No. 97CV000059 (Cir. Ct. Balt. Cnty. Sept. 8, 1997). .................. 7

*Garrett v. Bromell*, 5:16-cv-02888-JMC, 2017 WL4296432, at *1 (D.S.C. Sept. 28, 2017)....... 11

*Hepburn ex rel. Hepburn v. Athelas Institute, Inc.*, 324 F. Supp. 2d 752 (D. Md. 2004)............. 13

*Hill v. Muwwakkil*, No. 3:10CV915–HEH, 2011 WL 13196293, at *1 (E.D. Va. Feb. 1, 2011)... 9

*Jarallah v. Thompson*, 123 F. Supp. 3d 719 (D. Md. 2015). ......................................................... 6

*Just Puppies, Inc. v. Frosh*, -- F. Supp. 3d --, 2021 WL 4594630, at *1 (D. Md. Oct. 6, 2021)..... 5

*Okudo v. SW Belair Edison LLC*, NO. JKB-21-1269, 2021 WL 4391264, at *1 (D. Md. Sept. 24, 2021). ................................................................................................................... 14

*Sass v. Andrew*, 152 Md. App. 406 (Md. Ct. Spec. App. 2003). .................................................. 15

*Sherin v. John Crane-Houdaille, Inc.*, No. WDQ–11–3698, 2015 WL 1401853, at *1 (D. Md. Mar. 24, 2015). ............................................................................................................. 14

*Shillman v. Hobstetter*, 241 A.2d 570 (Md. 1968). ....................................................................... 11

*Tillery v. U.S. Dept. of Educ.*, No. 8:18-cv-03256-PX, 2019 WL 3413518, at *1 (D. Md. July 29, 2019). ................................................................................................................... 6

*Wallace v. Johnson*, No. 17-cv-3718, 2022 WL 971187, at *1 (D. Md. Mar. 31, 2022). ............ 13

*Whitner v. U.S.*, 487 F. Appx. 801 (4th Cir. 2012). ........................................................................ 9

*Willis v. Green Tree Servicing, LLC*, No. WMN–14–3748, 2015 WL 1137681, at *1 (D. Md. Mar. 12, 2015). ............................................................................................................. 14

*Womack v. Ward*, No. DKC 17-3634, 2018 WL 3729038, at *1 (D. Md. 2018). ................. 15, 16

**Rules**

D. Md. Local Rule 101.1a. ............................................................................................................... 1

D. Md. Local Rule 102.1.a.ii. .......................................................................................................... 1

Federal Rule of Civil Procedure 9(b). ..................................................................................... 6, 15, 16

Federal Rules of Civil Procedure 12(b)(6). ............................................................................... 5, 16

Maryland Attorneys' Rule of Professional Conduct 5.5. ................................................................ 1

**Statutes**

28 U.S.C. § 1331. ............................................................................................................................ 5

28 U.S.C. § 1332. ....................................................................................................................... 5, 14

28 U.S.C. § 1367. ..................................................................................................................... 13, 14

42 U.S.C. § 1981. ............................................................................................................................ 8

42 U.S.C. § 1983. ....................................................................................................................... 8, 11

42 U.S.C. § 1985............................................................................................................ 8, 12

42 U.S.C. § 1988............................................................................................................... 13

Md. Code § 10-101(h)........................................................................................................ 1

Md. Code § 10-206............................................................................................................. 1

Md. Code § 10-601............................................................................................................. 1

## INTRODUCTION

Plaintiffs seek billions of dollars in damages for federal discrimination and state law tort and contract claims against Defendants The Progressive Corporation, Progressive Casualty Insurance Company, Progressive Direct Insurance Company, and Progressive Commercial Casualty Company[1] (collectively the "Progressive Defendants"). For the multiple reasons that follow, Plaintiffs' class action complaint should be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).[2]

First, Plaintiff Supreme Grand Bishop Dr. Keenan K. Cofield ("Plaintiff Cofield" or "Cofield") is a serial litigant, well-known to Maryland courts.[3] He is under court order to file notice of a prior order against him any time he files a new action in the State. He violated that order when he filed this case without doing so. Other courts in Maryland have dismissed cases he

---

[1] Plaintiffs also attempt to assert claims against Kevin McNeil, Annie Davis, Glenn M. Renwick, and Susan P. Griffith, who are individuals employed by the Progressive Defendants. Although none of them have been properly served, the claims against them should be dismissed for the same reasons set forth herein.

[2] That the Progressive Defendants do not address the claims against other defendants is in no way intended to suggest that any viable claim has been stated against them either.

[3] As a pro se litigant, Cofield is not licensed to represent his mother or daughter in this case. Md. Code, § 10-206 of the Business Occupations and Professions Article ("Bus. Occ. & Prof.") (requiring Bar admission to practice law); Bus. Occ. & Prof. § 10-601 (same); Bus. Occ. & Prof. § 10-101(h) (defining practice of law); D. Md. Local Rule 101.1a ("Except as otherwise provided in this Rule and in L.R. 112.3 and 28 U.S.C. § 515, only members of the Bar of this Court may appear as counsel in civil cases. . . . Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure. All parties other than individuals must be represented by counsel."); D. Md. Local Rule 102.1.a.ii ("When a party is appearing without counsel, the Clerk will accept for filing only documents signed by that party."); Maryland Attorneys' Rule of Professional Conduct 5.5 (defining the unauthorized practice of law by attorneys).

A search for "Cofield" in Maryland's licensed attorney database, https://www.mdcourts.gov/attysearch#searchform, as well as the District of Maryland search page (https://www.mdd.uscourts.gov/bar-member-search) did not return any results. To the Progressive Defendants' knowledge, Mr. Cofield is not licensed to practice law in Maryland or Maryland federal courts.

has brought when he violated that order, and this Court can and should dismiss this case for that reason alone.

Second, Plaintiffs have failed to allege any facts to support any claim against the Progressive Defendants. Plaintiffs do not, and cannot, allege any facts suggesting the Progressive Defendants intended to discriminate against Plaintiffs on the basis of race or acted with racial animus. Plaintiffs do not even allege that the Progressive Defendants knew the Plaintiffs' race at the time the Progressive Defendants were interacting with Plaintiff Cofield. Thus, Plaintiffs' federal discrimination claims in Count 8 all fail.

Plaintiffs' state law claims similarly cannot stand. Counts 1-6 do not appear to be lodged against the Progressive Defendants and, even if so intended, do not give the Progressive Defendants fair notice or state a plausible claim for relief against them, as required by *Iqbal* and *Twombly*. Finally, Plaintiffs have failed to fully allege or explain the basic elements of their fraud claims (Count 7) and have not met Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. All of Plaintiffs' claims against the Progressive Defendants should be dismissed.

## I.   BACKGROUND

Plaintiffs' claims arise out of an alleged traffic accident in July 2021 and subsequent insurance claim. Plaintiffs allege that debris fell off a truck owned by Defendant Worktime, Inc. and insured by one of the Progressive Defendants, damaged Plaintiff Cofield's car, and caused him and two relatives to suffer physical and emotional injuries. (*See* ECF No. 10-4, Complaint, ¶¶ 3-4 [hereinafter "Compl."].) Plaintiffs' complaint recounts a variety of medical diagnoses that Plaintiff Cofield has allegedly received since July 2021, some of which he alleges resulted from the accident. (*See* Compl. ¶¶ 13, 20–26, 31, 34.) Plaintiffs' complaint also states that Plaintiff

Cofield had repairs made to his car after the accident. (*Id*.) At the time of the incident, Plaintiff Cofield's insurance provider was Geico. (*Id*. ¶ 4b.) Plaintiff Cofield made an insurance claim to Geico on August 19, 2021. (*Id.* ¶ 13.)

Plaintiffs allege that they contacted Worktime several days after the accident, ostensibly about making an insurance claim with its carrier. (Compl. ¶ 4a.) Plaintiffs' allege Worktime's independent insurance agent, Maria Starrett,[4] had a few conversations with Plaintiff Cofield in the summer of 2021. (*Id*. ¶¶ 4a, 4b.) In the last of those conversations, Ms. Starrett told Plaintiff Cofield that she was waiting to get information from his insurer, Geico. Plaintiff Cofield alleges that he did not hear from Ms. Starrett again until January 2022. (*Id*.)

On January 19, 2022, Plaintiff Cofield emailed Natasha Barnes, a claims adjuster at Progressive, a "Notice of Accident Claim and/or Lawsuit" that detailed his allegations about the accident and his alleged injuries. (Ex. 1[5] at PDF p. 1.) This was the first communication that Plaintiff Cofield had with a Progressive representative.[6] Two days later, Ms. Barnes responded that she was not the adjuster assigned to the claim and provided Mr. Cofield with the contact information for the right adjuster, Erikka Williams. (*Id*. at PDF p. 4.) Plaintiff Cofield emailed Ms. Williams about his ongoing medical treatment on January 21, 2022, and Ms. Williams

---

[4] Plaintiffs misidentify Maria Starrett as affiliated with Progressive, but do not plausibly allege that she is an employee or agent of Progressive. In fact, Ms. Starrett is a Principal at Integrated Insurance Solutions Ltd. (*See Maria Starrett*, LinkedIn, https://www.linkedin.com/in/maria-starrett-215396152 (last visited May 27, 2022).)

[5] Exhibits 1-6 are documents included with or attached to Plaintiffs' complaint (*see* ECF No. 10-4). Excerpts from the larger complaint document have been reattached to this motion to dismiss for simplicity and for the Court's convenience.

[6] The attachments to Plaintiffs' complaint show that the earliest communication Plaintiff Cofield had with any Progressive representative is an email dated January 19, 2022. (*See* Ex. 1 at 1.) The allegations in the Complaint do not identify any communications with an actual Progressive employee or representative prior to that date.

3

responded confirming receipt of his email. (Ex. 2.) Plaintiff Cofield emailed her again on

January 25 and 27, 2022. (Ex. 3.)

On January 31, 2022, Plaintiff Cofield sent a "Personal Injury Demand Letter" via email

to Ms. Williams. (Ex. 4 at PDF p. 2.) Ms. Williams directed Plaintiff Cofield to Kevin McNeil,

another Progressive adjuster, given the type and amount of Plaintiff Cofield's claims. (*Id*. at PDF

p. 2.) Between January 31, 2022, and February 19, 2022, Plaintiff Cofield sent at least six emails

to Mr. McNeil with questions, medical updates, and other demands while Mr. McNeil

investigated Plaintiff Cofield's claim. (Ex. 5.)

On February 21, 2022, after a "full and thorough analysis of the alleged incident," Mr.

McNeil sent a letter to Plaintiff Cofield offering $2,000 on Worktime's behalf to "resolve any

and all damages." (Ex. 6.) The offer letter stated that "[d]ue to the significant questions of

liability, the questionable involvement of our insured, and a lack of any causal mechanism for

the injuries you are claiming, we do not anticipate entertaining any counter demands and we

reserve the right to withdraw this offer at a later date if not accepted." (*Id*.) The letter also

pointed out, for example, that Plaintiff Cofield did not immediately seek medical attention for his

alleged injuries, that there were inconsistencies between Plaintiffs' description of the accident

and the photographs Plaintiff Cofield provided, and that the medical treatment that Plaintiff

Cofield identified only occurred after a subsequent car accident in September 2021. (*See id*.

(detailing the factors that the Progressive Defendants analyzed in reaching their offer).)

On February 28, 2022, Plaintiffs Cofield, Laverne Thompson, and K. N. filed this

putative class action in the Circuit Court of Baltimore City, Maryland, seeking compensatory

damages exceeding six billion dollars. (*See* Compl. ¶¶ 65, 78-88.) Plaintiffs assert eight causes of

action: (1) negligence; (2) "failure to properly train and supervis[e]"; (3) "negligent

entrustment"; (4-6) "complaint for strict product liability complaint for defective truck/auto, breach of warranty, motor vehicle warranty, breach of contract"; (7) "fraud and fraudulent misrepresentations"; (8) "complaint for bad faith & discrimination based upon race in violation of Title 42 U.S.C. 1981, the Civil Rights Act of 1866, Title 42 U.S.C. 1983, 1985, and 1988, Jointly." (Compl. ¶¶ 5-6, 40-41, 43-44, 47-49, 52, 58, 62.) The Progressive Defendants removed the action to this Court on March 25, 2022, noting that this Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332(a) (diversity of citizenship), and 1332(d)(2) (class action fairness act). (ECF Nos. 1, 10.)

In their complaint, Plaintiffs seek to represent a nationwide class of "millions of Black Claimants from January 2000 thru [sic] March 1, 2022 to date." Without any factual basis, Plaintiffs allege that there is a putative class of people who "are and have been systematic victims of racially motivated acts of contract discrimination" by the Progressive Defendants who refused "to offer settlement agreements and contracts to Black Claimants at the same or similar settlement offers entered into with whites by mostly white Defendants adjuster, agents and employees of the many Progressive Insurance entities." (Compl. ¶ 62.)

Plaintiffs have failed to plausibly allege any viable claim against the Progressive Defendants, and the Court should dismiss Plaintiffs' claims against them with prejudice.

## II. STANDARD OF REVIEW

A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Just Puppies, Inc. v. Frosh*, ___F. Supp. 3d___, 2021 WL 4594630, at *18 (D. Md. Oct. 6, 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). It must "provide the defendants with 'fair notice' of the claims and the 'grounds' for entitlement to relief. . . . To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient

to 'state a claim to relief that is plausible on its face.'" *Id.* (first quoting *Twombly*, 550 U.S. at 544, 570; and then citing *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)).

Plaintiffs must do more than state that defendants acted unlawfully:

> [M]ere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. . . . In other words, the rule demands more than bald accusations or mere speculation. . . . If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. . . . "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief.

*Id.*

An even greater degree of detail is required in pleading fraud. Federal Rule of Civil Procedure 9(b) requires that: "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[7] *See Tillery v. U.S. Dept. of Educ.*, No. 8:18-cv-03256-PX, 2019 WL 3413518, at *4 (D. Md. July 29, 2019) (holing Rule 9(b) standard not met where plaintiff alleged that delinquent loans were "in the matter of Fraud" and attached documents that provided "no facts [to] support that Defendants acted with knowing or reckless disregard for the truth of the information regarding how the loan was obtained."); *Jarallah v. Thompson*, 123 F. Supp. 3d 719, 726-27 (D. Md. 2015) (holding employment-based discrimination claims did not meet Rule 9(b)

---

[7] While Plaintiffs' pro se complaint should be construed liberally, that consideration does not mean the court may assume allegations not made or rewrite a complaint. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10–3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("Liberal construction means the court will read the pleadings to state a valid claim to the extent it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. . . . In other words, even when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."). Even construed liberally, Plaintiffs' complaint does not state a viable cause of action.

standards where plaintiff alleged employer fraudulently induced him to sign a release, but numerous communications provided by plaintiff showed the release was thoroughly negotiated).

## III.   ARGUMENT

### A.   Plaintiff Cofield's Failure to Follow a Prior Court Order Mandates Dismissal.

In 1997, a Maryland court adjudicated Plaintiff Cofield as a vexatious litigator in Maryland for being an "exploiter of the court system," who "inundates the judicial system with frivolous lawsuits." (*See* Ex. 7, *Felder v. McDonald's Corp.*, No. 97CV000059 (Cir. Ct. Balt. Cnty. Sept. 8, 1997)).) That court enjoined Plaintiff Cofield from filing any civil action in the State of Maryland without filing a copy of that Court's order identifying Plaintiff Cofield as a vexatious litigator so that Maryland courts could review Plaintiff Cofield's lawsuits and determine whether they have "colorable merit in fact or in law." (Ex. 7, *Felder,* at 75-79.)[8] *See also Cofield v. Tonella*, Case No. 20-16090, Adv. No. 20-00200, Motion to Dismiss or for Summary Judgment at 2-4, (Bankr. D. Md. motion filed Aug. 6, 2020) (detailing Plaintiff Cofield's 30-year history as a vexatious litigant). As recently as 2020, other Maryland courts dismissed actions brought by Plaintiff Cofield for his failure to abide by this directive. *See* Ex. 8, Dismissal Orders, *Cofield v. Mc N Mc Recovery, L.L.C.*, No. CAL19-32814 (Md. Cir. Ct. Mar. 18, 2020); *Doe v. PG Cnty. Dept. of Permitting, Inspections, and Enf't and Dir.*, No. CAL20-07794 (Md. Cir. Ct. Mar. 18, 2020); *Doe v. Williams*, No. CAL19-37923 (Md. Cir. Ct. Mar 18, 2020). Because Plaintiff Cofield filed this action in violation of the order, this Court should dismiss the case for this reason alone.[9]

---

[8] In *Felder*, Cofield also sought to certify a class action on behalf of all Black people, who he alleged had received poor service from McDonald's on the basis of racial bias or discrimination. *Felder* at 11.

[9] While there are two other Plaintiffs, it is clear that Cofield is the driving force in this litigation and the case should therefore be dismissed in its entirety.

**B.  Plaintiffs Do Not Allege Any Facts to Support Their Federal Discrimination Claims.**

Plaintiffs baldly allege that the Progressive Defendants discriminated against Plaintiffs and "millions of Black Claimants" by offering smaller or less advantageous settlements to Black claimants than to white ones in violation of the Civil Rights Act of 1866 and 42 U.S.C. §§ 1981, 1983, 1985, and 1988. (Compl. ¶ 62.) But Plaintiffs have not sufficiently pled any facts to support their federal discrimination claims. Indeed, Plaintiffs do not even allege that the Progressive Defendants knew Plaintiffs were Black, have not identified any communications with the Progressive Defendants that mention Plaintiffs' race, nor even hinted at any facts in their complaint or the attached documents that could support a claim that the Progressive Defendants treated Plaintiffs differently because of their race. Plaintiffs also fail to allege any specific facts or particular allegations to support their conclusory allegation that Black claimants received less favorable settlement offers than others.

Plaintiffs naked assertions are insufficient to state a claim of discriminatory racial animus, and this failure is fatal to all of Plaintiffs' discrimination claims.

**1.  Plaintiffs' 42 U.S.C. § 1981 Claim Fails Because Plaintiffs Cannot Plead Intentional Discrimination.**

Title 42 U.S.C. § 1981[10] protects the right to "make and enforce" contracts without "impairment by nongovernmental discrimination." To succeed on a claim under § 1981, a plaintiff must establish that: "(1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC

---

[10] Plaintiffs' complaint identifies the Civil Rights Act of 1866 within Count 8. The Act does not provide its own cause of action but violations of it are actionable under 42 U.S.C. § 1981. Therefore, the Progressive Defendants understand Plaintiffs' reference to the Civil Rights Act to be part and parcel of their § 1981 claim.

10–3517, 2011 WL 3476994, at *9 (D. Md. Aug. 8, 2011) (citing *Buchanan v. Consol. Stores Corp.,* 217 F.R.D. 178, 190 (D. Md.2003)).

Of these three elements, "the core of any Section 1981 case is the showing of *intentional* discrimination." *Id.* (emphasis in original)*; see also Whitner v. U.S.*, 487 F. App'x 801, 802 (4th Cir. 2012); *DAG Petroleum Suppliers, L.L.C. v. BP P.L.C.*, 268 F. App'x 236, 240 (4th Cir. 2008). Plaintiffs must make *factual* allegations that support their claim of intentional racial discrimination. *Hill v. Muwwakkil*, No. 3:10CV915–HEH, 2011 WL 13196293, at *2 (E.D. Va. Feb. 1, 2011) ("Bald assertions of 'unethical bad faith conduct' and 'breach of contract' do not amount to purposeful, racially discriminatory actions . . . "); *see also Whitner*, 487 F. App'x at 802 ("Whitner's allegations fail to state a plausible claim for relief under § 1981 against any named Defendant because she does not allege facts sufficient to show that any Defendant intentionally discriminated against her on the basis of race concerning any of the activities enumerated in 42 U.S.C. § 1981(a)."); *Allen v. Montgomery Ward & Co.*, No. Civ. 1:98CV7, 1999 WL 33117435, at *2 (W.D.N.C. Mar. 3, 1999) (granting motion to dismiss where there was an "absence of any facts that the Defendant" discriminated and where "the record d[id] not support the required element of purposeful discrimination for the Plaintiff's § 1981 claim").

Here, Plaintiffs claim Defendants discriminated against millions of Black individuals, but offer no factual allegations indicating any racial discrimination or discriminatory intent against Plaintiffs or anyone else. Plaintiffs provide no facts to support their bald assertion that they or anyone else unfairly received a lower settlement offer than any white claimant did or would have. Instead, Plaintiffs make only conclusory assertions that: Defendants refuse to offer Black claimants the same settlement agreements that they offer whites; Progressive is a white insurance company with mostly white adjusters, agents, and employees; white people are offered

9

"maximum" settlement offers for the same type of claims filed by Black claimants while Black claimants are offered little to no real value; Progressive has white-only policies and rules and discriminatory regulations against Black claimants; and Progressive always offers white claimants more for their claims than it offers Black claimants or any other minorities. (Compl. ¶¶ 62-64.) None of these conclusory allegations constitute specific factual allegations sufficient to state a claim for discrimination.

Though Plaintiffs make general references to race, the complaint contains no specific facts suggesting that the Progressive Defendants intentionally discriminated against Plaintiffs on the basis of race. Despite Plaintiffs' conclusory claims about settlement offers purportedly made to Black and white claimants, Plaintiffs do not identify or describe a single actual incident to support their claims. Plaintiffs cite no facts which could support their claims of discrimination, instead relying solely on their suspicion of bias as the reason for what they consider to be a low settlement offer from Progressive.

The complaint and its exhibits actually demonstrate that the Progressive Defendants' settlement offer was based on a number of factors—none of which implicated race. (*See* Ex. 6.) As shown in the offer letter attached to and incorporated into the complaint, the adjuster provided reasoning behind Progressive's offer, including identifying numerous issues with Plaintiff Cofield's claim that contributed to the amount of the offer. (*Id.*) The sole basis for Plaintiffs' discrimination claim is the allegation that Plaintiff Cofield was not offered as much money as he wanted to receive, so that offer must be the result of racial animus. But Plaintiff

Cofield's dissatisfaction with the offer is not a factual allegation showing racially discriminatory action or intent. Plaintiffs' § 1981 claim should be dismissed with prejudice.[11]

### 2. Plaintiffs' 42 U.S.C. § 1983 Claim Fails Because the Progressive Defendants Are Not Acting Under the Color of Law.

Plaintiffs also allege a violation of 42 U.S.C. § 1983, which protects against violations of civil rights by those acting under the color of law. This claim should be dismissed because the Progressive Defendants are not government entities, and Plaintiffs do not plead that the Progressive Defendants were acting under color of law or were coordinating or acting with government entities. *Allen v. Columbia Mall Inc.*, 47 F. Supp. 2d 605, 609, 613 (D. Md. 1999) (dismissing § 1983 claim where private security guard's actions did not amount to "state action to support a § 1983 claim"); *Biggus v. Double T Diner*, No. J-81-1871, 1982 WL 31060, at *2

---

[11] Plaintiffs have also failed to allege how any discrimination impaired their ability to make or enforce contracts. *See Garrett v. Bromell*, 5:16-cv-02888-JMC, 2017 WL4296432, at *5 (D.S.C. Sept. 28, 2017) ("In order to state a claim under section 1981, a plaintiff must establish that he was discriminated upon because of his race, and that this discrimination impaired his ability to make or enforce a contract."). As a starting point, the Progressive Defendants and Plaintiffs are not party to any contract—Geico, not Progressive, is Plaintiff Cofield's insurer. Plaintiffs fail to allege the existence of any contract between the Progressive Defendants and Plaintiffs that Plaintiffs were unable to enforce or enter into.

To the extent that Plaintiffs are alleging discrimination in their ability to enforce an insurance contract between Worktime and the Progressive Defendants, they cannot do so because they do not allege that they are intended third-party beneficiaries of Worktime's insurance contract such that it could form the basis of a § 1981 claim. *See Dickerson v. Longoria*, 995 A.2d 721, 741-2 (Md. Ct. App. 2010) ("An individual is a third-party beneficiary to a contract if 'the contract was intended for his [or her] benefit' and 'it . . . clearly appear[s] that the parties intended to recognize him [or her] as the primary party in interest and as privy to the promise.'" (quoting *Shillman v. Hobstetter*, 241 A.2d 570, 575 (Md. 1968)). Plaintiffs' § 1981 fails for this independent reason as well. *But see CX Reinsurance Co. v. Johnson*, 252 Md. App. 393, 414 (Md. Ct. Spec. App. 2021), *cert. granted*, 476 Md. 583 (Md. 2021) ("In summary, our review of the law demonstrates that Maryland appellate courts have recognized that injured tort claimants are intended third-party beneficiaries of liability policies. Although we acknowledge a split of authority on this issue in American jurisprudence, we adopt what we believe is not only the better view, but the view that has also been tacitly approved in Maryland appellate cases. We therefore hold that injured tort claimants are intended third-party beneficiaries of liability insurance policies.").

(D. Md. Feb. 26, 1982) (dismissing § 1983 claim because "[n]o actions of state officials alone or in conjunction with the defendants have been asserted by the plaintiffs. The acts alleged are those of private individuals only. . . . Neither the state action requirement nor the 'under color of state law' requirement necessary for a § 1983 action . . . has been met."). Because Plaintiffs have not alleged any state action, their §1983 claim cannot stand.

### 3. Plaintiffs Cannot Plead Conspiracy. Plaintiffs' 42 U.S.C. § 1985 Claim Fails.

Plaintiffs also claim a violation of 42 U.S.C. § 1985, which prohibits conspiracies to interfere with civil rights, including (1) preventing a government officer from performing duties; (2) obstructing justice (by intimidating a party, witness, or juror); or (3) depriving someone of rights or privileges. Because Plaintiffs plead no facts specific to their § 1985 claim, the basis for their § 1985 claim is entirely unclear, and it should be dismissed for failing to adequately articulate a claim against the Progressive Defendants. *Iqbal*, 556 U.S. at 684; *Twombly*, 550 U.S. at 555-56.

Even under a most generous and liberal reading of Plaintiffs' § 1985 claim—that the Progressive Defendants somehow deprived Plaintiffs of their rights and privileges under § 1985(3)—Plaintiffs' claim should still be dismissed. To state a § 1985(3) claim, a plaintiff must demonstrate:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotations omitted); *see also Wallace v. Johnson*, No. 17-cv-3718, 2022 WL 971187, at *10 (D. Md. Mar.

31, 2022); *Antonio v. Sec. Servs. of Am. L.L.C.*, 701 F. Supp. 2d 749, 778 (D. Md. 2010) (citing *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68 (1993)).

Plaintiffs have not properly pled a conspiracy. They have not identified who conspired with whom, provided any indication that anyone was "motivated by a specific class-based invidiously discriminatory animus," or alleged any overt act by any Progressive Defendant to further the conspiracy. Instead, Plaintiffs make conclusory (and inaccurate) allegations that the Progressive Defendants had "white only policies, rules, and discriminatory regulations" and that white claimants "are always offered more for their claims." (Compl. ¶¶ 63-64.) But Plaintiffs' bald claim that white claimants were "always offered more" is unsupported by any factual allegations of a comparison or benchmark that would suggest this is true or even plausible.

### 4.   There Is No Right of Action Under 42 U.S.C. § 1988.

Plaintiffs' also assert a violation of 42 U.S.C. § 1988, but § 1988 provides no right of action. Rather, it gives guidance on attorneys' fees, and explains when courts can consider applicable state law where federal law is deficient. *Hepburn ex rel. Hepburn v. Athelas Inst., Inc.*, 324 F. Supp. 2d 752, 757 (D. Md. 2004) ("Section 1988 does not create any additional causes of action; it merely provides the applicable law in actions that are already proper under civil rights statutes like § 1983."). Therefore, to the extent Plaintiffs attempt to assert a claim under § 1988, it should be dismissed.

### C.   <u>Plaintiffs' State Law Claims Fail to Allege a Plausible Claim Against the Progressive Defendants.</u>

Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims and should dismiss those claims for failure to state a claim as to the Progressive Defendants.

District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Principles of judicial economy and convenience support a court exercising jurisdiction over state law claims where all of Plaintiffs' claims "form part of the same case or controversy." *See, e.g.*, *Okudo v. SW Belair Edison L.L.C.*, No. JKB-21-1269, 2021 WL 4391264, at *3 n.3 (D. Md. Sept. 24, 2021) (retaining jurisdiction "because the state law issue is clear"); *Willis v. Green Tree Servicing, L.L.C.*, No. WMN–14–3748, 2015 WL 1137681, at *2 n.3 (D. Md. Mar. 12, 2015) (declining to sever state law claims where "all of Plaintiff's claims derive[d] from a common nucleus of operative facts, . . . namely Defendant's alleged conduct in servicing Plaintiff's loan" (internal quotations omitted)); *Sherin v. John Crane-Houdaille, Inc.*, No. WDQ–11–3698, 2015 WL 1401853, at *3 (D. Md. Mar. 24, 2015) ("considerations of judicial economy and convenience disfavor[ed] remand" of state law claims).

All of Plaintiffs' state law claims arise from the same alleged car accident and subsequent insurance claim and are "part of the same case or controversy" as Plaintiffs' federal claims. Given this, this Court should exercise jurisdiction over Plaintiffs' state law claims and dismiss them with prejudice for the reasons stated below.[12]

**1. Plaintiffs Fail to Plausibly Allege a Viable Fraud Claim.**

Count 7 should be dismissed because Plaintiffs fail to allege facts to support the basic elements of a fraud or fraudulent misrepresentation claim—let alone facts that would meet the heightened pleading standard of Rule 9(b). Under Maryland law, the elements for fraud and fraudulent misrepresentation are the same. "Fraudulent misrepresentation is simply a means of

---

[12] The Court also has jurisdiction over these claims under 28 U.S.C. § 1332(a) and (d)(2) (diversity and the Class Action Fairness Act (CAFA)).

committing fraud." *Womack v. Ward*, No. DKC 17-3634, 2018 WL 3729038, at *5 (D. Md. 2018).

> To make out a claim of fraud, a plaintiff must show (1) that the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. . . . Pursuant to Fed. R. Civ. P. 9(b), the circumstances constituting fraud must be pled with particularity.

*Womack*, 2018 WL 3729038, at *5 (citing *inter alia Sass v. Andrew*, 832 A.2d247, 261-62(Md. Ct. Spec. App. 2003)).

Plaintiffs' fraud claim should be dismissed because it does not meet Rule 9(b)'s heightened pleading standard and does not make a prima facie fraud claim. It appears that the alleged false representation that forms the basis of Plaintiffs' fraud claim is that Progressive told the Maryland Insurance Administration that it did not know about the Plaintiffs' traffic accident and claim against Worktime until January 2022. (Compl. ¶¶ 51, 52, 55, 57.) Plaintiffs also claim that the Progressive Defendants and Worktime conspired together to deny knowledge of the claim and location of the truck at the time of the alleged incident. (Compl. ¶ 59.)

Plaintiffs have not plausibly alleged a single element of a fraud claim in their complaint. First, the only allegedly fraudulent statement by the Progressive Defendants that Plaintiffs identify was made to the Maryland Insurance Agency, not to Plaintiffs. The first element of a fraud claim in Maryland requires that Plaintiffs allege "that the defendant made a false representation *to the plaintiff*." *Womack*, 2018 WL 3729038, at *5 (emphasis added). Plaintiffs fail to identify any false statement the Progressive Defendants made to them.

15

Moreover, Plaintiffs do not allege with particularity how the alleged misrepresentation to the Maryland Insurance Agency was intended to defraud Plaintiffs, or how an alleged misrepresentation to the Maryland Insurance Agency could have been used "for the purpose of defrauding the plaintiff." *Womack*, 2018 WL 3729038, at *5.

Finally, Plaintiffs also do not allege that they "relied on . . . and had the right to rely on" the Progressive Defendants' alleged misrepresentation. Nor do Plaintiffs plead how the Progressive Defendants' statement to the Maryland Insurance Agency (even if false) caused any compensable injury to Plaintiffs.

Given the foregoing, Federal Rules of Civil Procedure 9(b) and 12(b)(6) require that Plaintiffs' claim for fraud and fraudulent misrepresentation be dismissed.

### 2. Plaintiffs' Remaining State Law Claims Do Not Allege Any Facts as to the Progressive Defendants.

Counts 1 through 6 should be dismissed as to the Progressive Defendants because they contain no factual allegations that relate to the Progressive Defendants. While Plaintiffs haphazardly use the term 'Defendants' throughout Counts 1 through 6, it is clear from the face of the complaint that those Counts are not directed at and do not and cannot implicate the Progressive Defendants. Moreover, if Plaintiffs intended to assert these claims against the Progressive Defendants, Plaintiffs have not given fair notice. *Twombly*, 550 U.S. at 555 (holding that factual allegation must be sufficient to give a defendant notice of a claim and its grounds); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### a)  Count 1 – Negligence

Plaintiffs claim that "the Defendants, Respondent, and/or employees, managers, staff, workers and other officials of WORKTIME, INC. and others thereof" were negligent in allowing the dump truck in the alleged accident to be operated unsafely and without proper care or inspection. (Compl. ¶ 6.) Nothing in Plaintiffs' complaint alleges the elements of negligence as to the Progressive Defendants. Specifically, the complaint indicate that the Progressive Defendants owned or operated the dump truck; owed Plaintiffs a duty of care; or breached any duty related to the alleged dump truck accident. Thus, Plaintiffs have failed to state a claim for negligence against the Progressive Defendants.

### b)  Count 2 – Failure to Train or Supervise

Although Plaintiffs allege that "Defendants **each**" failed to "train and/or properly train and Supervisor [sic]" Worktime dump truck drivers, it is clear that this claim is aimed at training and supervision of Worktime dump truck drivers. (Compl. ¶ 41.) Plaintiffs have not alleged any ownership or control relationship between Worktime, Inc. and the Progressive Defendants (and there is none). Obviously, as Worktime's insurer, the Progressive Defendants are not responsible for such training or supervision, and Plaintiffs do not allege otherwise, nor could they. (Compl. ¶ 41.) Plaintiffs have failed to state a claim for failure to train or supervise against the Progressive Defendants.

### c)  Count 3 – Negligent Entrustment

Plaintiffs allege negligent entrustment and, as with the previous claims, this does not appear to be directed at the Progressive Defendants. Plaintiffs claim "Defendants/Respondents" should have known their dump trucks operated in a faulty way. (Compl. ¶¶ 43-44.) But Plaintiffs do not allege that the Progressive Defendants owned or had any authority or control over the use

of the dump trucks. Therefore, Plaintiffs have failed to state a claim against the Progressive Defendants for negligent entrustment.

### d) Counts 4 through 6 – Strict Product Liability and Breach of Warranties

Finally, Plaintiffs' fourth, fifth, and sixth claims are combined and allege "strict product liability complaint for defective truck/auto, breach of warranty, motor vehicle warranty, breach of contract." (Compl. ¶ 48.) Setting aside the unclear legal footing for these claims, Plaintiffs allege that the "Dump Truck owner & driver failed to repair the defects and/or properly inspect their #26 Dump Truck vehicle **before** it was allowed to travel on the streets and highways per state and federal regulations is as the express warranties and contracts were breached causing the defects to cause serious to permanent injuries to Plaintiff(s)/Claimant, therefor causing the warranties to fail to perform and protect the Claimant Cofield, or fulfill the intended purpose." (Compl. ¶ 48 (emphasis in original).) The Progressive Defendants are not and were not the "Dump Truck owner & driver," nor do Plaintiffs allege they are. Therefore, Plaintiffs have not plausibly alleged causes of action against the Progressive Defendants, and these counts should be dismissed as well.

### CONCLUSION

For the foregoing reasons, the Progressive Defendants respectfully request that Court dismiss all of Plaintiffs' claims against them with prejudice.

Dated: May 31, 2022                    Respectfully submitted,

By: /s/ Mark I. Bailen

Mark I. Bailen (Bar No. 13805)
**Law Offices of Mark I. Bailen PC**
1250 Connecticut Avenue NW
Suite 700
Washington, DC 20036
Email: mb@bailenlaw.com
Telephone: 202-656-0422


**BAKER & HOSTETLER LLP**
Michael K. Farrell (*pro hac vice*)
Kendall C. Kash (*pro hac vice*)
Emily S. P. Baxter (*pro hac vice*)
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Email: mfarrell@bakerlaw.com
Telephone: 216-621-0200

*Counsel for Progressive Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2022, true copies of the foregoing **Motion to Dismiss**

were mailed via first class mail, postage prepaid, to Plaintiffs:

Keenan Cofield
Laverne Thompson
K.N.
1236 Kendrick Rd.
Rosedale, Maryland 21237

/s/ Mark I. Bailen

20

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEENAN COFIELD, et al., | ) | |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:22-cv-00727-SAG |
| | ) | |
| v. | ) | |
| | ) | |
| WORKTIME, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED ORDER GRANTING**
**THE PROGRESSIVE DEFENDANTS MOTION TO DISMISS**

The Court GRANTS the Progressive Corporation, Progressive Casualty Insurance

Company, Progressive Direct Insurance Company, and Progressive Commercial Casualty

Company's motion to dismiss for failure to state a claim.

Plaintiffs' complaint is DISMISSED WITH PREJUDICE.


IT IS SO ORDERED.

Dated: _____ __, 2022


_____

Judge Stephanie A. Gallagher