IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KEENAN COFIELD,** *et al.* | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Case No. 22-00727-SAG |
| | * | |
| **WORKTIME, INC.,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs, who are self-represented, filed a Complaint in the Circuit Court for Baltimore City in February, 2022, seeking compensation for injuries they sustained while driving. ECF 11. Now pending and ripe for disposition is Defendant Worktime, Inc's ("Worktime's") Motion to Vacate Entry of Default and Motion to Dismiss, ECF 47.[1] This Court has reviewed that motion and Plaintiffs' Opposition, ECF 51. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Worktime's Motion to Vacate Entry of Default will be granted.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The docket in this case and the individual court filings are not models of clarity, causing some of the confusion to be described herein. Plaintiffs filed their Complaint on February 28, 2022, and then an Amended Complaint shortly thereafter, naming seventeen defendants.[2] ECF 11,

---

[1] Many other motions have been filed in this matter, but they are not yet ripe. They will be addressed separately.

[2] Plaintiffs subsequently filed another document entitled "Amended Complaint" purporting to add additional defendants. ECF 28. That document does not constitute a proper amended complaint under this Court's Local Rules. The Clerk will be directed to remove the defendants named in that document from the docket in this case, and Plaintiffs are advised that their Complaint must consist of a single document containing all of their allegations against any defendants they intend to name. "Supplements" are not permitted.

12. As pertains to Worktime, three defendants have been named: Worktime, Inc., "Worktime Inc. Owners/Operators," and "Worktime Inc. John Doe or Jane Doe – Driver of Dump Truck #26." *Id.* The docket reflects two attempts to effect service on "Worktime & Nicole Winters" or "Worktime & Nicole Winter." ECF 23, 24. On March 2, 2022, a process server left the papers at "8900 Millers Island BlvdSparr" "at the address in plain view." ECF 23-1. On April 4, 2022, the process server delivered the papers to "9105 Cuckold Point Rd. Md. 21219" and stated, "The Summons and Complaint were left at the address front door." ECF 24-1.

Apparently in response to a number of "motions" and "supplementals" filed by Plaintiffs, on May 26, 2022, the Clerk entered an Order of Default listing only "Worktime Inc. Owners/Operators" as the defaulted Defendant. ECF 44. The corresponding notice of default, however, was mailed on that same date to "Worktime, Inc." ECF 45. The Notice informed Worktime, "You have thirty (30) days from this date to file a motion to vacate the order of default." *Id.* Just five days later, on May 31, 2022, Worktime filed the instant motion to vacate default and motion to dismiss. ECF 47.

## II. SERVICE OF PROCESS

Worktime contends that service has not been properly effected. This Court agrees. Maryland Rule 2-121(a) provides, in relevant part, that "if the person to be served is an individual," service may be made "by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode **with a resident of suitable age and discretion.**" (emphasis added). Here, Worktime, Inc. is not an individual. Nicole Winter or Winters, listed in the complaint as the Resident Agent, is likely an individual, though this Court

has not been advised of her dwelling house or her usual place of abode.[3]  Assuming that it is one of the two different addresses at which service was attempted, service was still not properly effected because there is no evidence that the papers were delivered to any resident of that address on either occasion – they were simply left on the premises.  Service, then, has not been properly effected on Worktime, Inc. or any of the other Worktime defendants.

### III. LEGAL STANDARD FOR SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT

After the Clerk enters default, the Court "may set aside an entry of default for good cause." Fed. R. C. P. 55(c).  The Fourth Circuit has stated that, when compared to the standard under Rule 60(b), the "good cause" standard in Rule 55(c) "is more forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 420 (4th Cir. 2010); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").  Indeed, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417.  Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).  Because the Clerk has made an entry of default against at least one Worktime defendant,

---

[3] Nicole Winter is listed in the complaint only as Resident Agent for Worktime, Inc., not as a Defendant.

but a default judgment has not been issued, Worktime's motion to vacate is correctly considered pursuant to the more lenient standard of Rule 55(c), rather than Rule 60(b).

Six factors are relevant to the analysis of this motion. "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The decision to set aside a default "lies largely within the discretion of the trial judge." *Id.* at 204.

## IV.  ANALYSIS

Having established the relevant factors for determining whether to set aside an entry of default, the Court will address each factor in turn.

### A.  Presence of a Meritorious Defense

In addition to its meritorious assertion regarding service of process, Worktime argues that it possesses a substantively meritorious defense to Plaintiffs' claims. ECF 47 at 3. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988). Worktime did not actually proffer any evidence. However, it is ultimately unnecessary as a result of this Court's evaluation of the other factors below. This Court will assume, for the sake of argument, that this factor weighs in favor of Plaintiffs.

### B. Acting with Reasonable Promptness

Courts must consider the specific "facts and circumstances of each occasion" when determining whether a defendant acted in a reasonably prompt manner when moving to set aside a default. *Prescott v. MorGreen Solar Solutions, LLC*, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018) (quoting *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Worktime filed its Motion to Vacate just five days after the entry of default, well within the thirty-day deadline set by the Court. For comparison, the Court has held that a defendant acted reasonably promptly when filing a Motion to Vacate a Default 33 days after the entry of default. *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). This factor therefore weighs in favor of Worktime.

### C. Personal Responsibility for the Default

The default appears to be attributable to improper service of process by Plaintiffs. There is simply no evidence that Worktime or any of its officers, agents, or employees received the summons and complaint on either occasion when the process server left them at various locations. Additionally, there is simply no evidence that the brief delay in this case was motivated by any intent on Worktime's part to disregard or derail the legal process. *Compare with Russell v. Krowne*, No. DKC-08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013); *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 12-CV-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013). Ultimately, then, this factor also leans in favor of Worktime.

### D. Prejudice

Because no scheduling order has yet been set in this case as a result of the multitude of motions that must be addressed first, there will be no prejudice to Plaintiffs if the default is vacated. The "prejudice" factor is not satisfied where a plaintiff faces "no disadvantage . . . beyond that

suffered by any party which loses a quick victory." *Augusta*, 843 F. 2d at 812. "[A]s obvious as it may be, it bears mention that no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Colleton*, 616 F.3d at 419. Worktime's motion to vacate and dismiss was filed less than one month after its response to the complaint was originally due, which is not a particularly meaningful delay in the context of slow-moving federal litigation. Thus, Plaintiffs fail to establish that they would be prejudiced by setting aside the default, and this factor weighs in favor of Worktime.

### E. History of Dilatory Action

There is no evidence of dilatory action here, because Worktime sought to vacate the default within five days, which was well within the thirty-days allowed by the notice. Thus, this factor also weighs in favor of Worktime.

### F. Availability of Less Drastic Sanctions

Typically, less drastic sanctions can include the assessment of costs and attorney's fees relating to the need to seek default. Here, Plaintiffs are self-represented and are not incurring any attorneys' fees. Moreover, because service was improper, assessing sanctions of any sort would be inappropriate. Thus, while no less drastic sanctions are available, this factor is neutral.

### V. CONCLUSION

Upon review of the six *Payne* factors, the Court finds that, at best, one factor (that of meritorious defense) arguably weighs in favor of Plaintiff due to Defendant's inadequate proffer. In light of the four factors favoring Worktime, the "time-worn commitment to the resolution of disputes on their merits," *Colleton*, 616 F.3d at 420, and the long-held view that a motion to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences

of defaults and default judgments,'" *id.* at 421 (quoting *Tolson*, 411 F.2d at 130), this case is best resolved on its merits.

Accordingly, Worktime's Motion to Vacate Entry of Default, ECF 47, will be **GRANTED**. To the extent an Order of Default has been entered against any of the three Worktime defendants, it is vacated.[4] This Court declines to dismiss the case against Worktime at this point, but will quash service of process as to the Worktime defendants. The parties are directed to meet and confer by telephone or videoconference and to advise this Court, on or before **July 10, 2022**, whether Worktime will waive formal service of process, now that it is abundantly aware of this case. A separate Order follows.

Dated: June 28, 2022

/s/
Stephanie A. Gallagher
United States District Judge

---

[4] Plaintiffs' contention that the default should be vacated only as to Worktime, Inc. is unpersuasive, given that default only appears to have been entered as to "Worktime Inc. Owners/Operators" in any event, and given that service has not been properly effected as to any of the three Worktime Defendants.