**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                                      |     |                                |
|--------------------------------------|-----|--------------------------------|
|                                      | *   |                                |
| **DR. KEENAN COFIELD,** *et al.,*    | *   |                                |
|                                      | *   |                                |
| **Plaintiffs,**                      | *   |                                |
|                                      | *   |                                |
| **v.**                               | *   | **Civil No. SAG-22-727 (lead)** |
|                                      | *   | **SAG-22-1370**                |
| **WORKTIME, INC.,** *et al.,*        | *   | **SAG-22-2030**                |
|                                      | *   |                                |
| **Defendants.**                      | *   |                                |
|                                      | *   |                                |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

This Court has received and reviewed the motion filed by Plaintiffs Dr. Keenan Cofield, Laverne Thompson, and Kayla Need (collectively "Plaintiffs") seeking recusal of the undersigned. SAG 22-727, ECF 122; SAG 22-2030, ECF 30 (collectively "Motion"). The Motion cites 28 U.S.C. 455 and ABA Rule 2.11. Both of those sources mandate recusal in two sets of circumstances: (1) where the judge's "impartiality might reasonably be questioned" or (2) where any of a list of specific factual conditions applies. Plaintiffs' motion does not suggest that any of the factual conditions listed in 455(b) or 2.11(B) is present here, so it appears to rest on whether the undersigned's "impartiality might reasonably be questioned."

The Motion cites the form and content of the rulings that have been entered to date in these cases as the basis for questioning the undersigned's impartiality. Motion at 2-3. The Supreme Court has held that "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, rulings "are proper grounds for appeal, not for recusal." *Id.* Few substantive rulings have yet been entered in these cases, with the majority of rulings simply declining to impose default against parties who have not appeared to defend the claims. Those rulings thus accord with long-established Fourth Circuit

precedent.  *See, e.g.*,  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (noting that "the clear policy of the Rules is to encourage dispositions of claims on their merits").  The remainder of the rulings thus far entered in these cases have largely been efforts to maintain this Court's docket in a manageable fashion.

Accordingly, no reasonable person would question the undersigned's impartiality on the basis of the form or content of the largely ministerial rulings entered to date.  Plaintiffs' Motion will therefore be denied in each case by separate order.

Dated:  August 29, 2022

_____/s/_____
Stephanie A. Gallagher
United States District Judge